IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:14-CR-238-BR

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v. | ) | ORDER |
| | ) | |
| WENDELL THOMAS | ) | |

This matter is before the court on defendant's 22 June 2020 *pro se* filing which the court construes as a motion for modification of his sentence. (DE # 40.)

In 2015, defendant pled guilty to conspiracy to distribute 280 grams or more of cocaine base. The court sentenced him to 120 months imprisonment.

In June 2020, defendant filed the instant motion. Pursuant to Standing Order No. 19-SO-3 (E.D.N.C. Jan. 25, 2019), the court appointed counsel to represent defendant for purposes of the motion. Appointed counsel filed a supporting memorandum with supporting documents. (DE # 43.) The government filed a response in opposition. (DE # 46.)

Defendant seeks a reduction in his sentence to time served pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), as amended by the First Step Act of 2018 ("First Step Act").[1] That statute provides in relevant part:

> The court may not modify a term of imprisonment once it has been imposed except that—
> (1) in any case—
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of

---

[1] The First Step Act amended § 3582(c)(1)(A) to permit a defendant to bring such a motion. See Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5239 (2018).

> the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . , after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>> (i) extraordinary and compelling reasons warrant such a reduction . . .
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c).

The Sentencing Commission has not issued a policy statement applicable to motions filed by defendants under this statute. United States v. McCoy, 981 F.3d 271, 275 (4th Cir. 2020). "[A]s a result, district courts are 'empowered . . . to consider any extraordinary and compelling reason for release that a defendant might raise.'" Id. at 284 (citation omitted).

In deciding whether a sentence reduction is appropriate, the court must also consider the applicable § 3553(a) factors. 18 U.S.C. § 3582(c)(1)(A).

> These factors include: "(1) [Defendant's] personal history and characteristics; (2) his sentence relative to the nature and seriousness of his offense; (3) the need for a sentence to provide just punishment, promote respect for the law, reflect the seriousness of the offense, deter crime, and protect the public; (4) the need for rehabilitative services; (5) the applicable guideline sentence; and (6) the need to avoid unwarranted sentencing disparities among similarly-situated defendants."

United States v. Adona, No. CR PX-17-345, 2020 WL 4338889, at *2 (D. Md. July 28, 2020) (citation omitted) (alteration in original).

At the outset, the court recognizes that defendant has filed copies of his administrative request for release and the Warden's 26 May 2020 denial of that request. (Mem., Ex. A, DE # 43-1.) The government does not dispute that defendant has satisfied § 3582(c)(1)(A)'s exhaustion requirement. Therefore, the court will consider the merits of defendant's motion.

Defendant requests that the court grant him compassionate release based on the COVID-19 pandemic, particularly its presence in the federal prison system, and his presentation of risk

2

Case 5:14-cr-00238-BR   Document 47   Filed 01/07/21   Page 2 of 5

factors for severe illness or death from COVID-19. (Id. at 5-6, 10.) The government agrees that defendant presents one risk factor. (Resp., DE # 46, at 16.) However, it argues the court should not reduce defendant's sentence because he would pose a danger to public safety if he is released and the § 3553(a) factors do not support his release. (Id. at 17-19.)

"[I]n considering whether extraordinary and compelling reasons for a sentence reduction exist in light of COVID-19, [district courts] have considered the age of the prisoner, the severity and documented history of the defendant's health conditions, and the proliferation and status of infections in the prison facility." United States v. Kibble, Criminal Action No. 2:19-00077, 2020 WL 3470508, at *2 (S.D.W. Va. June 25, 2020) (citing United States v. Brady, No. S2 18 Cr. 316 (PAC), 2020 WL 2512100, at *3 (S.D.N.Y. May 15, 2020) (collecting cases)). The Centers for Disease Control and Prevention's ("CDC") list of risk factors for COVID-19 complications also informs the court's evaluation. Everett v. United States, No. 4:16cr35, 2020 WL 5793428, at *3 (E.D. Va. Sept. 25, 2020).

Defendant is 46 years old and obese, suffers from stress, and has a family history of diabetes. (Mem., DE # 43, at 10; Ex. B, DE # 43-2; see also PSR, DE # 32, at 2 (noting defendant is 6 feet tall and weighs 280 pounds).) The government acknowledges that with a body mass index exceeding 30, defendant is obese and therefore has an underlying medical condition that the CDC identifies as increasing his risk of severe illness from COVID-19. (Resp., DE # 46, at 16.) See also Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Jan. 6, 2021). Psychological distress and a family history of diabetes are not risk factors. See Centers for Disease Control and Prevention,

3

https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Jan. 6, 2021).

The COVID-19 infection rate at FCI Jesup, where defendant is incarcerated, has been high recently. See United States v. Medley, No. 3:18-cr-00379-MOD-DCK-1, 2020 WL 6878353, at *4 (W.D.N.C. Nov. 23, 2020) ("FCI Jesup indeed has more active inmate cases, with 105, than many other institutions."). According to the Bureau of Prisons' ("BOP") most recent data, that rate appears to have decreased. See BOP, COVID-19 Cases, https://www.bop.gov/coronavirus/ (last visited Jan. 6, 2021) (showing 2 inmates and 19 staff are positive for COVID-19 and 418 inmates and 3 staff have recovered). Nonetheless, in light of the impact COVID-19 might have on his health while he is incarcerated, the court concludes defendant has shown extraordinary and compelling reasons for a sentence reduction.

The court now considers information bearing on the relevant § 3553(a) factors. Prior to his commission of the instant offense, defendant had been convicted of five felonies. (PSR, DE # 32, ¶¶ 14-18.) At sentencing for the instant offense, defendant's guideline imprisonment range was 151 to 188 months. (Id. ¶ 62; 6/1/15 Tr., DE # 39, at 3.) Consistent with this court's practice, the court downwardly varied from this range based on its policy disagreement with the crack cocaine sentencing guidelines. (6/1/15 Tr., DE # 39, at 12-13.) Normally, the resulting guideline imprisonment range would have been 57 to 71 months. (Id. at 13.) However, because defendant was subject to a statutory mandatory minimum term of imprisonment of 120 months, the court imposed that sentence. (Id.) Even though the government had filed a motion for downward departure, "the court [was] unable to honor that motion because it ha[d] no authority to impose a sentence" below the mandatory minimum, (id.), and the court expressed frustration with that fact, (see id. at 9-10, 11.)

Defendant has been incarcerated more than six years. (Mem., Ex. F, DE # 43-6.) His projected release is in May 2023. (Id.) Defendant has incurred one infraction, which occurred more than one year ago. (See Mem., Ex. C, DE # 43-3.) He has taken educational courses and maintained employment. (Mem., Exs. D, E, DE ## 43-4, 43-5.) The BOP has categorized him with a low risk of recidivism. (Mem., Ex. C, DE # 43-3.) Upon his release, defendant intends to live with his mother and return to his prior employment. (Mem., Ex. G, DE # 43-7.)

Considering all the circumstances, the court concludes reducing defendant's term of imprisonment would provide just punishment and reflect the seriousness of the offense committed. Defendant's motion is ALLOWED. Defendant's sentence of imprisonment as reflected in the judgment dated 5 June 2015 is REDUCED to time served. All other provisions of the 5 June 2015 judgment shall remain in effect. The BOP may delay defendant's release up to 14 days for quarantine and/or administrative reasons.

This 7 January 2021.

_____
W. Earl Britt
Senior U.S. District Judge